Bay, J.
The fee of the land in dispute has been regularly traced from Clark to Huey, and from Huey to Thompson. On the part of the defendant two titles have been set up s First, a sheriff’s sale to Knuckles; secondly, a deed from Huey to Knuckles. The court has already given an opinion on this sheriff’s sale. No proof is now before the court respecting it: the jury, of course, can take no notice of it. With respect to the deed from Huey to Knuckles, it is clear law, that if he was under age at the time the deed was made, it is good for nothing. This must depend, however, upon the nature of the testimony given. It is a matter of fact for the consideration of the jury. But if they believe the witnesses on that head, there can be very little difficulty about it, as they all are clear that he was under age when this deed was made. But admitting that Huey was of age at the time this deed or bond was given, it has appeared in evidence that, after the death of old Knuckles, he made another deed of this land to the plaintiff, Thompson, by the consent and approbation of young Knuckles, heir at law of his father, who delivered him up his bond or deed to his father. And this last deed to Thompson is first on record ; and, consequently, will have a preference, under the act to prevent deceits by double conveyances, &c. As to the possession on the part of Major Bullock, which the defendant lastly relied on, it was not carried further back than the year 1773, and therefore cannot avail him i for it will not give him five *368 years’ peaceable enjoyment (the time required in the statute) previous to the 1st of January, 1775.
Verdict for plaintiff, Si. with costs.